[No. 17664.   *En Banc.*   December 18, 1924.]

W. T. LAUBE, *as Trustee in Bankruptcy of Frank Waterhouse & Company, Respondent*, v. SEATTLE TAXICAB COMPANY *et al., Appellants*, INTERNATIONAL STEVEDORING COMPANY *et al., Interveners and Appellants*.[1]

CORPORATIONS (216)—RECEIVERS (5)—PROPERTY SUBJECT TO RECEIVERSHIP. Where, pending appeal from an order appointing a receiver of a corporation at the suit of the owner of the capital stock, which was subject to pledge, it appears that the stock had been sold on foreclosure of the pledge, the plaintiff's claim based on the ownership of the stock is no longer tenable and the order appointing the receiver should be reversed.

RECEIVERS (4)—PERSONS ENTITLED TO APPOINTMENT. Under Rem. Comp. Stat., § 741, providing that no party or attorney or other person interested in the action shall be appointed receiver, it is error to appoint a trustee in bankruptcy as receiver in an action which he instituted as such trustee.

[1]Reported in 231 Pac. 11.

Appeal from an order of the superior court for King county, Ronald, J., entered August 31, 1922, appointing a receiver, after a hearing to the court upon affidavits. Reversed.

*Bogle, Merritt & Bogle* and *Chas. F. Munday,* for appellants.

*Bausman, Oldham, Bullitt & Eggerman,* for respondent.

MITCHELL, J.—W. T. Laube, as trustee in bankruptcy of Frank Waterhouse & Company, a corporation, commenced this action against the Seattle Taxicab Company, a corporation, Frank Waterhouse, R. D. Smalley, Stanley N. Minor, John Sparling, Lane Summers, as individuals, and Circle Tours, a corporation, asking for a money judgment in the sum of $136,995.74 against the Seattle Taxicab Company, and for a receiver for that company to take charge of its property and operate its business pending the suit. In addition to alleging that the taxicab company was indebted to the bankrupt in the amount stated, he also alleged that Frank Waterhouse & Company owned all of the capital stock of the taxicab company and that the individual defendants, as the duly elected and qualified officers and trustees of the taxicab company, were excluding plaintiff from the management of the company and its business and managing it for their own advantage, and to his irreparable damage. The trial court made an order directing the defendants to show cause why a receiver *pendente lite* should not be appointed.

The defendants answered the complaint, denying the allegations of indebtedness and mismanagement. They admitted Frank Waterhouse & Company's ownership of the stock of the taxicab company, alleging, however, that it was subject to a pledge thereof to the

National Stevedoring Company, a corporation, and the Seattle & Globe Investment Company, a corporation, and denying that Frank Waterhouse & Company or plaintiff ever had possession of the certificates of stock after they were pledged. They denied that there was any need or justification for the appointment of a receiver, or that anyone interested in the taxicab company would suffer any loss if a receiver was not appointed pending the suit and the determination of the validity of the pledge to the interveners.

The International Stevedoring Company and the Seattle & Globe Investment Company, learning of the action, intervened therein, and by their amended answer to the complaint denied the alleged indebtedness; denied that plaintiff was the owner of the stock, of record or otherwise, and they also denied all allegations of the complaint as to mismanagement of the company. For an affirmative defense to the complaint, they alleged a pledge of all the stock of the taxicab company to them by the bankrupt, made on January 3, 1921, more than one year prior to the filing of the petition in bankruptcy against the pledgor; that the indebtedness so secured and remaining unpaid exceeded $56,000, besides interest; that the interveners had commenced an action in the superior court of King county, Washington, against the pledgor and said Laube, trustee, to foreclose such pledge; and that all the certificates of such stock had been deposited in court in the foreclosure suit. The interveners also alleged that the management of the taxicab company by the individual defendants herein, as its duly elected and qualified officers, was satisfactory to the interveners and for the best interests of all concerned; that the value of the pledged stock depended upon the proper management of the company, and that the appointment of a receiver would destroy the credit and dis-

rupt the business of the taxicab company and cause great damage to the interveners, and they therefore demanded that the prayer of the complaint be denied. The defendant and interveners denied that the taxicab company was insolvent.

The hearing on the order to show cause was by affidavits on behalf of the contending parties, and upon such hearing the court did not make any finding that the taxicab company was insolvent, or that it was being mismanaged, or that anyone interested would suffer any loss if no receiver was appointed; but the court found that the plaintiff was the owner of all the stock of the taxicab company, subject to the right, if any, of the interveners as pledgees of such stock; that the plaintiff had the right to control and manage the company, and that the individual defendants, as officers of the company, were excluding him from such control and management, and upon that ground, and that ground alone, the court made the order appointing the plaintiff in the suit as receiver, *pendente lite,* of the taxicab company, authorizing him as such receiver to manage its property and operate and control its business. The defendants and the interveners have appealed from the order appointing the plaintiff as such receiver.

The assignments of error are, first, that the court erred in appointing a receiver of the Seattle Taxicab Company, no legal ground for such appointment having been shown; and, second, that the court erred in appointing W. T. Laube, the plaintiff in the action, as such receiver, he being disqualified.

At the hearing of this appeal, it was made to appear, without any contradiction, that, since the date of the order appealed from appointing a receiver, all of the capital stock of the Seattle Taxicab Company has been sold by order of the superior court in the foreclosure

of pledge case of *International Stevedoring Co. v. Waterhouse & Co.* (a case which reached this court, as found reported in 29 Wash. p. 451, 225 Pac. 420), that was mentioned in the answer of the interveners in the present case. It appears, therefore, that the claim of the trustee in bankruptcy to be the owner of the stock of the taxicab company and to have the right to control and manage that company is no longer tenable. This, the sole ground upon which a receiver was appointed, being no longer existent, we have nevertheless examined the proof with respect to other grounds upon which reliance was had by the trustee for the appointment of a receiver, and while on due consideration of it we are satisfied it is not sufficient to justify the appointment of a receiver for any or all of the reasons assigned, we are of the opinion that the order of reversal should be without prejudice to the right of a renewal of such an application in the future.

On the question of the eligibility of the trustee to be appointed as receiver of the Seattle Taxicab Company, if anyone should be appointed, § 741, Rem. Comp. Stat. [P. C. § 8414], provides that "no party or attorney or other person interested in an action shall be appointed receiver therein," the wisdom of which is manifest in this case where the trustee is seeking to recover judgment against one who denies the alleged indebtedness. One who affirms may not be allowed to represent an adversary. In addition to the statute, the general rule seems to be that a person should not be appointed as a receiver who by such appointment would be placed in a dual position, as there may and often do arise conflicts between his personal interest and his duty as receiver, and whose duty it may be at some time to call the receiver to account. A receiver should be one who will guard equally and impartially the rights of all. *Ward v. Foulkrod,* 264 Fed. 627; *Benneson v. Bill,* 62

Ill. 408; Pomeroy Equity Jurisprudence, vol. 5, § 62, 148, 149; 34 Cyc. p. 140, par. f.

Reversed, and remanded with directions to set aside the order appointing a receiver, without prejudice.

All concur.